The Honorable Barbara Horn State Senator P.O. Box 64 Foreman, AR 71836-0064
Dear Senator Horn:
I am writing in response to your request for my opinion on the following questions, which you have apparently been asked to submit on behalf of a Mr. Benjamin Tarver, who is referenced as the subject of your request in your salutation:
 1. Pertaining to A.C.A. § 26-37-205. May a "former owner" assign their [sic] rights to excess funds to a 2nd party, thus allowing the 2nd
party to claim collect the excess funds?
 2. Pertaining to A.C.A. § 26-37-204. What constitutes proof that land sold at a tax sale is "nonexistent"?
 3. If land is purchased at a tax sale and is occupied by a tenant of the former owner, what means may the new owner use to evict the tenant of the former owner?
4. What legal rights does the tenant have in the property?
 5. If land is purchased at a tax sale is occupied by the former owner, what means may the new owner use to eject the former owner?
RESPONSE
Your questions are identical to ones I recently declined to answer in the enclosed Ark. Op. Att'y Gen. No. 2002-084 and closely resemble ones I declined to answer in the enclosed Ark. Op. Att'y Gen. No. 2002-051. The request I addressed in Opinion 2002-084 took the form of a letter from Mr. Tarver to Senator Jim Argue asking him to submit precisely the same questions that you have submitted on Mr. Tarver's behalf.
As I noted in my previous opinions, by statute, I am expressly prohibited from engaging in the private practice of law. A.C.A. § 25-16-701. I will repeat that each of the questions Mr. Tarver has posed appears to relate to a private dispute among various claimants to a particular piece of property — a dispute that may well become the subject of litigation. Not only is this office prohibited from handling such private matters, it has further long avoided, as an arm of the executive branch of government, opining on issues that are or appear inevitably bound to become subject to judicial resolution. Accordingly, I must once again respectfully decline to answer these questions.
In closing, I feel compelled to point out to Mr. Tarver that this office handles hundreds of opinion requests annually, creating a significant, if manageable, demand on its resources. While recognizing his apparent need for legal advice, I invite Mr. Tarver to refrain in the future from seeking it by submitting multiple versions of the same requests through various legislators, since this office will need to respond to each request as received.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosures